UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X     14 cv 2486
 EDWIN ALAMO,

                                    Plaintiff,          Amended[1]
                                                        Complaint

          -against-

Det. Joseph Podolsky, Shield #3704, Bronx Warrant Squad;
Det. Ortero, Bronx Warrant Squad; Sgt. John J. Cotter, Bronx
Warrant Squad; Corrections Officer Eric Jacobs, Shield 14657,
Corrections Officers John Doe4-10; Supervising  Corrections
Officer John Doe, and; CITY OF NEW YORK,

                                    Defendants.
_____X

          **NOW COME** the Plaintiff, **EDWIN ALAMO,** by and through his attorney, **D.**

**Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows

to this Court and allege:

### NATURE OF THE ACTION

1.       This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

2.    That jurisdiction is founded upon the existence of a Federal Question.

3.    That this an action to redress the deprivation under color of statute, ordinance,

     regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by

     the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

     United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of

     New York.

_____

[1] Amendments consist of substituting the names Det. Joseph Podolsky, Shield #3704, Bronx Warrant
Squad; Det. Ortero, Bronx Warrant Squad, and ; Sgt. John J. Cotter, Bronx Warrant Squad  for various
John/Jane Does.

4.  That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

6.  The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

7.  Plaintiff demands a trial by jury in this action.

# PARTIES:

8.  Upon information and belief the Plaintiff EDWIN ALAMO, HEREINAFTER "PLAINTIFF ALAMO," is a citizen of the United States and a resident of Bronx County, the City and State of New York.

9.  Upon information and belief, that at all times, hereinafter mentioned, the Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC" was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, that at all times, hereinafter mentioned, the Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York Police Department and the New York City Department Corrections, including all the officers thereof.

2

11. Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police offices and supervisory police officers, including the individually named Defendant herein.

12. Upon information and belief, NYC DOC is responsible for the appointment, training, supervision, promotion and discipline of the corrections offices and supervisory corrections officers, including the individually named Defendant herein

13. Upon information and belief, on September 1, 2011 and at all other relevant times, Det. Joseph Podolsky, Shield #3704, Bronx Warrant Squad, hereinafter "Defendant Podolsky," was employed by Defendant NYC and NYPD, as a police officer.  He is sued in his individual and official capacity.

14. Upon information and belief, on September 1, 2011 and at all other relevant times, P.O. Det. Ortero, Bronx Warrant Squad, hereinafter "Defendant Doe 2," was employed by Defendant NYC and NYPD, as a police officer.  She is sued in his individual and official capacity.

15. Upon information and belief, on September 1, 2011 and at all other relevant times, Sgt. John J. Cotter, Bronx Warrant Squad, hereinafter "Defendant Cotter," was employed by Defendant NYC and NYPD, as a police officer.  He is sued in his individual and official capacity.

16. Upon information and belief, on September 1, 2011 and at all other relevant times, Corrections Officer Eric Jacobs, Shield 14657, hereinafter "Defendant Jacobs," was employed by Defendant NYC and NYC DOC as a corrections officer.  He is sued in his individual and official capacity.

17. Upon information and belief, on September 1, 2011 and at all other relevant times, Corrections Officers John Doe4-10, hereinafter "Defendant Doe 4-10," were employed

by Defendant NYC and NYC DOC as corrections officers.  They are sued in their individual and official capacities.

18. Upon information and belief, on September 1, 2011 and at all other relevant times, Defendant Supervising Corrections Officer John Doe 11, hereinafter "Defendant Supervising Doe 11" was employed by Defendant NYC and NYC DOC, as a corrections officer.  He is sued in his individual and official capacity.

19. Defendants Doe 1-11 were employed by Defendant NYC, as police officers, corrections officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.  They are sued in their individual and official capacities.

## **PENDANT STATE CLAIMS:**

20.    That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

21. That pursuant to §50(h) of the General Municipal Law hearings has been held.

22.    That this action is not commenced within one year and 90 days after the cause of action arose.

# **I.**

# **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALAMO: <u>CIVIL RIGHTS ACTION 42 USC §1983</u>**

23. The Plaintiff ALAMO**,** hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully and at length set forth herein.

24. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

25. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of New York and NYPD, and under the authority of their office as police officers of said state, city and county.

26. That on about the evening of September 1, 2011 Plaintiff ALAMO was a tenant living at 535 Havemeyer Ave., 15G, Bronx, NY, **hereinafter, "Subject Premises."**

27. That on about the evening of September 1, 2011 Plaintiff ALAMO lived with his mother Arcadia Alamo and brother Eliezer Alamo, whom were all present at the subject premises.

28. That on about the evening of September 1, 2011 Eliezer Alamo was the subject of an open bench warrant ordered by Hon. Moore, JSC in the New York State Supreme Court, Bronx County, Part 35/Treatment Court on August 29, 2011.

29. That on about the evening of September 1, 2011 at approximately 6:00 pm, Defendant Podolsky and Defendant Ortero entered the subject premises armed with said bench warrant for Eliezer Alamo.

30. That on about the evening of September 1, 2011 at approximately 6:00 pm Defendant Podolsky and Defendant Ortero without probable cause, reasonable suspicion, credible reason or other legal basis,  arrested Plaintiff Alamo under protest, rather than Eliezer Alamo, who was also present and the actual subject of said bench warrant.

31. That on about the evening of September 1, 2011 at approximately 6:00 pm Defendant Podolsky and Defendant Ortero transported Plaintiff Alamo to Rikers Island under protest where he was strip-searched and incarcerated pending production before Hon. Moore, JSC in the New York State Supreme Court, Bronx County, Part 35/Treatment Court.

32. That on about September 2, 2011 Plaintiff Alamo was produced before Hon. Yearwood, JSC, in the New York State Supreme Court, Bronx County, Part 35/Treatment Court where he protested his incarceration and identified himself as Edwin Alamo, not Eliezer Alamo.

33. That on about September 2, 2011 Hon. Yearwood, JSC vacated the warrant, remanded Plaintiff Alamo  and adjourned the matter until September 6, 2011 before was produced before Hon. Moore, JSC in the New York State Supreme Court, Bronx County, Part 35/Treatment Court.

34. That on about September 2, 2011 through September 6, 2011 Plaintiff Alamo was incarcerated at the Rikers Island, Eric M. Taylor Center, 18-18 Hazen Street where

he protested his incarceration and identified himself as Edwin Alamo, not Eliezer Alamo.

35. That on about September 2, 2011 through September 6, 2011 the defendant corrections officers, through act or omission, failed to confirm the identity of Plaintiff Alamo as opposed to Eliezer Alamo, the subject of the bench warrant.

36. That on about September 6, 2011 while in court, Hon. Moore, JSC confirmed that Plaintiff Alamo was not the true subject the aforementioned bench warrant and ordered him to be released immediately.

37. That on about September 6, 2011 Plaintiff Alamo was released from custody.

38. That the Defendants, without probable cause  reasonable suspicion, credible reason or other legal basis, approached,  questioned, detained,  assaulted, battered and arrested Plaintiff ALAMO.

39. That the Defendants, without probable cause  reasonable suspicion, credible reason or other legal basis used unreasonable force upon Plaintiff ALAMO causing him to sustain damage.

40. That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff  ALAMO was made to answer charges before the honorable Criminal Court of the City of New York, Bronx County.

41. That as a consequence of the Defendants' conscious acts and deliberate omissions, Plaintiff ALAMO was unlawfully imprisoned.

42. That as a consequence of the Defendants' conscious acts and deliberate omissions, Plaintiff  ALAMO was held in custody pending the prosecution of the said charges.

43. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly

innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

44. That at all times hereinafter mentioned, the Defendants police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff ALAMO and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

45. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the privileges and immunities secured to him by the Constitution of the United States and the State of New York.

46. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983 because the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

47.  That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York.

48. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause

wrongfully, compelled the Plaintiff to abandon his rights and privileges, thereby causing him immeasurable harm.

That by reason of and as wrongful conduct of the Defendants, the Plaintiff has been damaged.

# II.
## AS AND FOR A SECOND CAUSE OF ACTION:
## <u>ATTORNEY FEES42 U.S.C. §1988</u>

49. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 48 inclusive as if fully set forth herein and Plaintiff further alleges:

50. That in the event this Court or jury determines that the Plaintiff' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and he is victorious upon a related claim herein, he demands attorney fees to compensate their attorney for his time, expenses, disbursements, and efforts in prosecuting their claim.

51. That the Plaintiff is entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting his claim against the individually named police officer pursuant to 42 U.S.C. §1988.

# III.

## AS AND FOR A THIRD CAUSE OF ACTION:
## PUNITIVE DAMAGES AGAINST
## <u>EACH INDIVIDUALLY NAMED DEFENDANT</u>

52. The Plaintiff ALAMO hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully and at length set forth herein.

53. That the Plaintiff ALAMO seek punitive damages against each and every individually named Defendants including but limited to DEFENDANT PODOLSKY and DEFENDANT ORTERO**.**

54. That the Plaintiff seeks punitive damages against each individually name officer to deter not only these Defendants police officers but other like minded individuals police officers from engaging in future similar conduct of falsely arresting and maliciously prosecuting innocent Plaintiff who have not engaged in criminal activities or broken the law.

55. That punitive damages is warranted under the facts and circumstance of this case because Defendants, DEFENDANT PODOLSKY and DEFENDANT ORTERO **acted with deliberate, premeditated and specific intent as part of a policy to** deprive the Plaintiff of his rights**,** knowing that such Plaintiff had not broken any laws.

56. That upon information and belief had these Defendants police officers acting in concert done a proper investigation into the allegation leveled against the Plaintiff, and exercised duty without prejudice, disdain, contempt  or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

57. That by reason of the above false arrest, malicious prosecution and violation of Plaintiff' constitutional rights, Plaintiff demand reasonable compensation from said individually named defendants commensurate with the injuries and damages to Plaintiff to deter future similar outrageous and illegal conduct as happened herein.

58. That by reason of the aforesaid violations, the Plaintiff request the following relief:

10

a.   Compensatory damages for each cause of action;

b.   Punitive damages for each cause of action;

c.   An award of reasonable attorney's fees, costs and disbursements;

d.   Plaintiff requests a trial by jury of all issues involved in this complaint;

e.   Such other and further relief as this Court may deem just and proper under the circumstances.

# IV.

## AS AND FOR A FOURTH CAUSE OF ACTION: _FALSE ARREST_

59. The Plaintiff ALAMO hereby incorporates by reference each and every preceding paragraphs of this Summons and Complaint paragraphs numbered 1 through 58 as though fully plead and re-alleged in their entirety below.

60. That at all relevant times and thereafter, inside of the Subject Premises, Plaintiff ALAMO was falsely arrested without any rights or grounds, probable cause or reasonable suspicion by the Defendants herein resulting in deprivation of the rights and privileges secured to him by the Constitution of the United States of America and the Constitution of the State of New York.

61.  At all times Plaintiff ALAMO had not consented to being confined by the Defendants.

62. At all times the Plaintiff ALAMO was conscious of his restraint, loss of liberty and abduction.

63. At all times Plaintiff ALAMO was made to feel fearful, intimidated, demoralized and powerless by the Defendants' threats of physical force.

That by reason of the aforesaid, Plaintiff ALAMO have been damaged.

# V.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: <u>NEGLIGENCE IN TRAINING AND SUPERVISING</u>

64. Plaintiff ALAMO, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully and at length set forth herein.

65. That the defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

66. That the defendant NYC, the NYPD and the NYC DOC, their agents, servants and employees failed to train their employees to exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent officers.

67. That the defendant NYC, the NYPD and the NYC DOC, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

68. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff ALAMO.

69. That by reason of the aforesaid Plaintiff ALAMO was injured because of the false charges.

That by reason of the aforesaid, the Plaintiff ALAMO has been damaged.

# VI.
## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

70. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 69 with the same force and effect as if more fully and at length set forth herein.

71. That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff ALAMO of his constitutional rights and civil rights.

72. That at all relevant times the Defendants entered into said agreement for the express purpose of depriving Plaintiff ALAMO of equal protection of the law, equal privileges and immunities under the law, due process of law under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

73. That at all relevant times, in furtherance of the said conspiracy, the defendants did in fact manufacture and falsify evidence against Plaintiff ALAMO resulting in serious and permanent injuries to PLAINTIFF's person, dignity and humanity.

74. That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

75. That at all relevant times, the Defendant entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

76. That at all relevant times, the defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

77. That at all relevant the Defendants furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by Bronx Warrant Squad.

78. That at all relevant times the Defendants' acts and omissions were motivated by PLAINTIFF's race, ethnicity and social status.

79. That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendant falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

# VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

80. The Plaintiff **ALAMO,** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 79 with the same force and

effect as if more fully and at length set forth herein.

81. At all relevant times the Defendants recklessly deviated from the standard of executing a bench warrant vis-à-vis Plaintiff Alamo.

82. At all relevant times the Defendant police officers recklessly failed to properly identify the Plaintiff Alamo prior to concluding that he was in fact Eliezer Alamo, the actual subject of the bench warrant issued in the New York State Supreme Court, Bronx County, Part 35/Treatment Court on August 29, 2011.

83. At all relevant times the Defendant corrections officers recklessly failed to properly identify the Plaintiff Alamo prior to admitting him into Rikers Island as Eliezer Alamo, the actual subject of the bench warrant issued in the New York State Supreme Court, Bronx County, Part 35/Treatment Court on August 29, 2011.

84. In doing so, the Defendants  violated Plaintiffs right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States

85. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff ALAMO has been damaged.

# VIII.

## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

86. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 85 with the same force and effect as if more fully and at length set forth herein.

87. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

88. Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff ALAMO, has been damaged.

## IX.
## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

90. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 89 with the same force and effect as if more fully and at length set forth herein.

91. Defendant Cotter personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

92. Defendant Cotter personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise their subordinate employees regarding the adequate and proper
marshaling of evidence.

93. Defendant Cotter personally caused Plaintiff's constitutional injuries by being
deliberately or consciously indifferent to the rights of others in failing to properly
supervise his/her subordinate employees regarding the adequate and proper
grounds for forcefully entering her apartment without a warrant and thereafter
subjecting Plaintiff ALAMO to excessive force, despite no legal basis for doing so.

94. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the
damages herein alleged.

That by reason of the aforesaid, the Plaintiff ALAMO, has been damaged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as
follows:

(a)     Compensatory damages against all Defendant, jointly and severally;

(b)     Punitive damages against the individual Defendant, jointly and severally;

(c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper

Dated:   New York, New York
         The 17th day of July 2014

                                        *D. Andrew Marshall* #dm1126
                                        D. Andrew Marshall, Esq.
                                        Attorney for the PLAINTIFF
                                        225 Broadway, Suite 1804
                                        New York, New York 10007
                                        (212) 571-3030 (office)
                                        (212) 587-0570 (facsimile)
                                        marshall.law4@verizon.net